NEW YORK COUNTY—HON. CHARLES McVEAN SURROGATE—December, 1847.

## In re Root.*

In the Matter of application for Letters of Administration on the estate of JOEL ROOT, deceased.

The order of right to administration in the city of New York is, first, the widow; second, the next of kin; third, the public administrator; fourth, creditors; fifth, any other person who will accept the same. In other counties, the treasurer, as public administrator, comes in next after creditors.

One having priority of right to the administration, can only deprive those coming after him of their right by taking letters himself. He cannot nominate a third party to the exclusion of the others.

O. BUSHNELL, for Applicant.

E. H. KIMBALL, for Next of Kin.

THE SURROGATE.—The general statute conferring jurisdiction upon the Court of the Surrogate to appoint administrators in cases of intestacy, prescribes the order of priority of right to such appointment. (2 Rev. Stat., 74, § 27.) In that order the widow stands first; and her right being primary, is exclusive, without a coequal. The second in the order of priority of right are the next of kin; and although the statute seemingly divides this class into six different orders in the right of priority, yet a clear examination of the statute shows that such was not the design of the statute. The words of the statute are these:

"Administration, in cases of intestacy, shall be granted to the relatives of the deceased who would be entitled to succeed to his personal estate, if they or any of them will accept the same, in the following order: First, to the widow; second,

* Reported in 5 N. Y. Leg. Obs., 449.

VOL. I.—17

to the children ; third, to the father ; fourth, to the brothers ; fifth, to the sisters ; sixth, to the grandchildren ; seventh, to any other of the *next of kin who would be entitled to share in the distribution of the estate.*"

A father is in no case entitled to administration where the intestate has left children ; nor is a brother, &c. ; for in such case, although relatives, they have not the qualification of being entitled " to succeed to his personal estate," which is an indispensable qualification. The father or the brother is not the next of kin where the intestate has left children ; he is of kin, but *next*, of kin is technical ; and the test is the being entitled to succeed to the personal estate of the intestate. The statute of distribution determines the question who are *next* of kin. It is no matter how near of kin a person may be ; if he is not *next*, he has no right to intermeddle with the estate. The section I have quoted, it will be observed, at its commencement limits the right of administration to such relatives as would be entitled to succeed to the personal estate, and closes with awarding administration " to any other of the next of kin who would be entitled to share in the distribution of the estate," which is the same thing in different phraseology. The next in order in the city of New York who is entitled to administration is the public administrator, who, by the same section, is to " have preference *after* the next of kin *over* creditors and all other persons." Next in order is the creditor; and after him any competent person. The order of priority in the city of New York is as follows : First, the widow ; second, the next of kin ; third, the public administrator ; fourth, creditors ; fifth, any competent person that will accept. In other counties, the treasurer, as public administrator, comes in next after creditors. The main question in this case is this : Can a person or a class of persons, having a priority of right in the order of preference, appoint, or rather nominate, a person administrator not otherwise entitled to administration, to the exclusion of others below them in the order of preference ? Can a widow, passing over the children, &c., appoint a stranger, or can the children, passing

over the public administrator and creditors, appoint a stranger to the estate ?

The widow can renounce, and the law appoints her successor, and not she. So also the children may renounce, and the law appoints their successor. The right is personal merely to themselves, without the power of substitution. All that the law allows in this respect is, that the person in whom the right is may have an associate in the administration who is not interested in the estate. (2 *Rev. Stat.*, 76, § 34.) When a child applies, he must produce the renunciation of the widow. When a creditor applies, he must produce the renunciation of the widow and the children and the public administrator ; and if such renunciation be not presented, all persons having prior rights must be cited, and a failure to appear on such citation is equivalent to renunciation. In this case, the next of kin must take or renounce—that is the extent of their right. The creditor cannot take, because he has not produced the renunciation of the public administrator, nor cited him. The right of the public administrator to take after the next of kin cannot be defeated by any arrangement that has been made, or can be made, between the persons interested. The next of kin can deprive him of the administration by taking letters themselves, and in no other way. His right next after them is perfect.