JEFFERSON COUNTY—HON. MILTON H. MERWIN, SURROGATE—April, 1860.

## BARBER v. CONVERSE.

*In the Matter of the Administration of* ABRAHAM BARBER, *deceased.*

The provision of the statute (3 *Rev. Stat.*, 5 ed., 160, § 35), providing that where an application for administration is made by a person other than the one having the prior right, the applicant shall file a written renunciation of persons having such prior right, or a citation shall be issued to such persons to show cause—must be construed strictly. Nothing will satisfy the statute but a *written* renunciation, or a citation to show cause.

Thus, where letters of administration were granted to D. B. and A. B., who had the prior right, but were revoked on their failure to give new securities, and letters were subsequently granted to C., who was next entitled to them,—*Held*, that D. B. and A. B. were entitled to notice of the application of C. The failure of D. B. and A. B. to furnish new sureties, does not amount to a "written renunciation" within the meaning of the statute, nor does the previous notice or citation served on them to appear and file new sureties, dispense with the necessity of service of a citation on them, upon C.'s application.

Where letters of administration have been irregularly issued, without citing those having a prior right to the administration, they will be revoked.

This was an application on petition and affidavits, by Dorcas Barber and Amasa M. Barber, to have an order made by the surrogate of Jefferson county, March 13, 1860, appointing Edward Converse administrator of the estate of Abraham Barber, deceased, vacated, and the letters issued to him annulled. The facts appear in the opinion.

D. C. CALVIN, *for Applicants.*

D. J. WAGER, *for Administrator.*

THE SURROGATE.—It appears that on the 13th December, 1859, Dorcas Barber, widow, and A. M. Barber, son, were appointed administrators of said estate, and Edward Converse and Levi Miller were sureties on the bond of the administrators. Converse was the husband of Letitia Converse, who is a daughter of the deceased. Converse was also one of the appraisers of the estate. On the 28th February, 1860, Converse, on the application of A. M. Barber, and after citation issued to and served on him, was removed from his position as appraiser, on the ground that he was an interested party. On the same day, Converse applied to be discharged as surety for the administrators, and a citation was issued, returnable on the 7th March, requiring the administrators to appear and give new sureties, pursuant to the statute, which citation was duly served on the administrators. On the 7th March, the five days further time allowed by the statute was given to the administrators in which to give new sureties. On the 12th March, no new sureties having been given, the surrogate entered an order revoking the letters. On the 13th March, on the application of Edward Converse, letters were issued to him in the right of his wife, who was next entitled after Dorcas Barber and A. M. Barber, and no citation was issued to Dorcas or A. M. Barber, or any other notice given of the application of Converse; and these letters are now sought to be vacated, on the ground that no notice or citation was given or issued to said Dorcas or A. M. Barber. It was admitted by the counsel of both parties, on the hearing, that

the only question to be now decided, was whether Dorcas and A. M. Barber were entitled to notice of the application of Converse. Other questions might perhaps arise on the papers, but this is the only one to be passed upon.

Section 35 of 3 *Rev. Stat.*, 5 ed., 160, provides that when any person applies for administration, and there shall be any other person having prior right to such administration, the applicant shall file with the surrogate a written renunciation of the persons having such prior right; or, if he does not do this, a citation shall be issued to all persons having such prior right, to show cause, at a day to be specified, why administration should not be granted to the applicant. The statute (3 *Rev. Stat.*, 5 ed., 164, § 54), which authorizes the surrogate to revoke letters on failure to give new sureties, makes no provision as to who shall be appointed in the place of the administrators removed, or how they shall be appointed. For aught that appears in the statute, the rights of all parties are the same as if letters had never been issued. The statute does not restrict the appointment to those that are subsequently entitled. If the person removed, the next day after his removal should apply to the surrogate and present proper bonds, there is nothing in the statute to prevent his being appointed; that is, the removal does not disqualify. This being so, when Converse applied, there were two, Dorcas and A. M. Barber, who had the prior right, and Converse must either file their written renunciation, or take out a citation. The statute requires the one or the other of these things to be done, and this must be complied with before the surrogate has authority to appoint.

It may be said that the act of the old administrators, in neglecting to give new bail, amounted to a renunciation. But when the statute says a *written* renunciation must be filed, I take it, it means what it says. Again, it may be said that no citation was necessary, because of the previous notice or citation served on them to appear and file new sureties. It is true that if, after this notice, they did not file new bail, they were presumed to know that their letters would be re-

voked; but they were not presumed to know that some one else would apply for letters, or that Converse himself would do so, or when he would apply. They therefore have never had an opportunity to show cause why administration should not be granted to the applicant, Converse. It seems to me that neither the letter nor the spirit of the statute has been complied with in this respect. There is nothing in this case which satisfies the statute, when it requires either a *written* renunciation or a citation to show cause.

I have not been able to find any case in the books that bears upon the point at issue. I take the statute as it is, and construe it as it seems to me reasonable and just. This court has not such a general jurisdiction as will allow it to vary from the law as it stands written. If the views as above expressed are correct, the order granting administration to Converse, and the letters issued thereon, must be vacated.

It seems to be well settled by the decisions, that I have authority to revoke the order. (*Skidmore* v. *Davies*, 10 *Paige*, 316; *Vreedenburgh* v. *Calf*, 9 *Id.*, 129; *Proctor* v. *Wanmaker*, 1 *Barb. Ch.*, 302; *Id.*, 452; *Public Administrator* v. *Peters*, 1 *Bradf.*, 100.)