In the Matter of the Administration of the Estate of CHARLES W. GODDARD, Deceased.

The exclusive right conferred by the provisions of the act of 1871 (§ 4, chap. 335, Laws of 1871) as amended by the act of 1877 (Chap. 154, Laws of 1877) upon the public administrator of the county of Kings to administer upon the estates of persons who die, leaving assets in that county, when "there shall be no widow, husband, or next of kin * * * resident in the State, entitled, competent, or willing to take out letters of administration," was limited by the provision of the act of 1877 (Chap. 383, Laws of 1877), conferring upon the Brooklyn Trust Company the capacity to act as executor or administrator, and upon courts and surrogates the power to issue letters of administration to it upon application of a party interested.
The said provision of the act last mentioned is permissive, not mandatory. The discretionary power so given was, however, so far as it relates to the

county of Kings, taken away by the provisions of the act of 1882
(Chap. 124, Laws of 1882), providing that the public administrator of
that county shall have the prior right to administration in the cases
above specified.

The principle, that the provisions of a local or private act are not affected
or repealed by the enactment of a subsequent general law, containing
repugnant provisions, does not apply where both acts are either local or
private; and the provisions of such an act are subject to be qualified,
modified, or repealed by repugnant provisions in a subsequent local or
private act.

(Argued January 15, 1884: decided January 29, 1884.)

APPEAL from order of the General Term of the Supreme
Court, in the second judicial department, made September
10, 1883, which reversed two orders of the surrogate of
the county of Kings, one of which denied an application for
the appointment of the Brooklyn Trust Company as adminis-
trator of the estate of Charles W. Goddard, deceased; the
other awarded letters of administration to the public adminis-
trator of that county.

The material facts are stated in the opinion.

*Charles H. Otis* for appellant.    A special and local act of
the legislature is not repealed, amended or in any way affected
by a subsequent general act containing repugnant or inconsistent
provisions, in the absence of an express repeal. (*Matter of
Evergreens*, 47 N. Y. 216 ; *Matter of Comm'rs Central Park*,
50 id. 493, 496, 497 ; *Matter of D. & H. C. Co.*, 69 id.
209 ; *People* v. *Quigg*, 59 id. 83 ; *Vil. of Deposit* v. *Vail*,
5 Hun, 310 ; 70 N. Y. 287, 291 ; *Bennett* v. *Peck*, 28 Hun,
447.)   Even if the Kings county surrogate had the power to
grant administration to the Brooklyn Trust Company, under
the amendment to its charter of 1877, this power was taken
away again by the amendment of 1882, to the Public Admin-
istrators Act, which took effect on the passage of the amenda-
tory act. (*Ely* v. *Hatton*, 15 N. Y. 595, 597, 599 ; *Moore* v.
*Mansert*, 5 Lans. 173.)  Even though the surrogate has the
power to grant administration to the Brooklyn Trust Com-

pany in the case at bar, the granting of administration is discretionary with him. (*Cooke* v. *State Nat. B'k of Boston*, 52 N. Y. 96, 105, 106 ; *Mount* v. *Mitchell*, 31 id. 356, 357 ; *Newburgh Turnpike Co.* v. *Miller*, 5 Johns. Ch. 101, 113, 114 ; *Mayor* v. *Furze*, 3 Hill, 612, 614, 615 ; *William* v. *People*, 24 N. Y. 405, 408 ; *Medbury* v. *Swan*, 46 id. 200 ; *People* v. *Supervisors*, 51 id. 401, 406 ; *Cook* v. *B'k of Boston*, 52 id. 96, 105 ; *People* v. *Batchellor*, 53 id. 128, 135 ; *People* v. *Supervisors*, 68 id. 114, 119 ; *Williams* v. *People*, 24 id. 405, 408.) The discretion exercised by the surrogate in the case at bar was not reviewable by the General Term of the Supreme Court. (*Wavel* v. *Wiles*, 24 N. Y. 635, 636 ; *Bowen* v. *Widner*, 12 Weekly Dig. 525 ; *Mount* v. *Mitchell*, 31 N. Y. 356, 362 ; *People* v. *N. Y. C. R. R. Co.*, 29 id. 418, 423 ; *Howell* v. *Mills*, 53 id. 322, 328 ; *Security B'k* v. *B'k of Commw.*, 2 Hun, 287, 290 ; *Martin* v. *Windsor Hotel Co.*, 70 N. Y. 101, 103 ; *Sprague* v. *Dunton*, 19 Hun, 490.)

*James C. Bergen* for respondent. Chapters 154 and 383 of the Laws of 1877 are *in pari materia*, and may be so construed as to give full effect to each. (*Smith* v. *People*, 47 N. Y. 339 ; *Power* v. *Shepard*, 48 id. 540 ; *McCarty* v. *Orphan Asylum Soc.*, 9 Cow. 437.) The Trust Company Acts, being private or special acts, are not repealed, amended or in any way affected by the Public Administrators Acts, which are general in their application. (*White* v. *Syr. and U. R. R. Co.*, 14 Barb. 563 ; 1 Blackst. Com. 86 ; 1 Dwarris on Statutes, 354 ; *People* v. *O'Brien*, 38 N. Y. 193 ; *Gaskin* v. *Mier*, 42 id. 186 ; *People* v. *Supervisors of Chautauqua*, 43 id. 16, 21 ; *Kerrigan* v. *Clement*, 68 id. 331 ; *In re the Evergreens*, 47 id. 216 ; *Vil. of Gloversville* v. *Howell*, 70 id. 287 ; *Bennett* v. *Peck*, 28 Hun, 447.) The power conferred upon surrogates in this State to appoint the Brooklyn Trust Company as administrator of the estate of deceased persons is one in the execution of which the public are interested, and involving the rights of persons authorized to seek its exercise, and the enabling statute is mandatory ; and upon the presentation of

the facts to the surrogates, authorizing them to act, they may not exercise their discretion, but must grant the application. (*Newburgh Turnpike Co.* v. *Miller*, 5 Johns. Ch. 113, 114 ; *Mayor, etc.*, v. *Furze*, 3 Hill, 615 ; *Hagadorn* v. *Raux*, 72 N. Y. 586 ; *People, ex rel. Conway*, v. *Supervisors*, 68 id. 119 ; *People* v. *Supervisors of Otsego*, 36 How. Pr. 1 ; *Caswell* v. *Allen*, 7 Johns. 63.)

RUGER, Ch. J. The controversy involved in this appeal relates to the right to administer upon the estate of Charles W. Goddard, late a resident of the county of Kings, and who died therein on the 19th day of February, 1883, possessed of personal property of the value of about $25,000. All of the adult next of kin petitioned the surrogate for the appointment of the Brooklyn Trust Company as the administrator of such estate. There were three of those persons, two of them residing in the county of Kings and one in the city of Chicago, State of Illinois.

This appointment was opposed by the public administrator in Kings county, upon the grounds, first, that he was, under the statutes relating to the subject, exclusively entitled to the administration of such estate; and, secondly, if he was not in law exclusively entitled to such administration, that it was still in the power of the surrogate, in the exercise of his discretion, to issue letters of administration upon such estate to such public administrator; and that the surrogate should order such an administration of the estate.

The surrogate, upon the hearing of the matter, determined that said public administrator had a right, prior to that of the Brooklyn Trust Company, to the administration of such estate; and further, that if discretionary power was vested in him to determine as to which of such claimants should be appointed, a proper exercise of such power required the appointment of the public administrator. From this determination of the surrogate, one of the petitioners, an adult resident daughter of the deceased, appealed to the General Term of the Supreme Court, which reversed the decision of the surrogate and re-

mitted the proceedings to him with directions to issue letters of administration to the Brooklyn Trust Company. From this order the public administrator appealed to this court.

The determination of the questions involved in the appeal requires the examination of the various statutes relating to the subject.

In the consideration of the statutes conferring power upon the Brooklyn Trust Company to administer upon the estates of deceased persons, and also those prescribing the power, rights and duties of the public administrator of Kings county, the principles involved in the proposition that the provisions of a special or local act are not affected or repealed by the enactment of a subsequent general law, containing repugnant provisions, have no application. Each of the acts referred to is either local or special, and private in its character, and is subject to be qualified, modified or repealed by subsequent legislative amendments thereto, containing provisions conflicting with the provisions of any prior law on the subject.

The acts conferring power upon the public administrator of Kings county are local, inasmuch as their operation is thereby limited and confined to the estates of persons dying within the limits of a single county of the State, or to the property of deceased persons being in such county, but who have died elsewhere. (*People* v. *O'Brien,* 38 N. Y. 193; *Gaskin* v. *Meek*, 42 id. 186; *People* v. *Supervisors of Chautauqua*, 43 id. 21.)

The acts conferring capacity upon the Brooklyn Trust Company to administer upon the estates of deceased persons, upon certain conditions named therein, are private acts, inasmuch as they are confined in their operation to a single corporation and may also quite appropriately be termed local, as from the nature of the duties which they are authorized to perform, and the residence of the institution, it could not reasonably have been contemplated that they would be called upon to administer upon estates outside of the county of their residence. (*White* v. *Syracuse and Utica R. R. Co.*, 14 Barb.

559; *Matter of the N. Y. Elevated R. R. Co.*, 70 N. Y. 350.)

By the general statutes of the State, surrogates in performing the duty of granting letters of administration upon the estates of deceased persons are required to issue them in accordance with the order of priority specified in the statutes, viz.: 1. To his widow; 2. To his children; 3. To the father; 4. To the mother; 5. To the brothers; 6. To the sisters; 7. To the grand-children; 8. To any other next of kin entitled to share in the distribution of the estate; 9. To the creditors. In the city of New York, the public administrator has preference in administration after the next of kin and over creditors. In other counties of the State the county treasurer has preference next after creditors. Over all other persons, as between persons in the same class and equally entitled to claim the right of administration, the surrogate has power, in his discretion, to prefer one person to another (*Taylor* v. *Delancy*, 2 Caine's Cases, 143; *Coope* v. *Lowerre*, 1 Barb. Ch. 45), but otherwise he cannot disregard the order of priority laid down by the statute, unless for some of the causes specified therein. (*Coope* v. *Lowerre*, 1 Barb. Ch. 45; *Harrison* v. *McMahon*, 1 Bradf. 283.) Administration cannot be granted out of the regular order, without a written renunciation or upon a citation to those having the prior right and their neglect to assert such right. (*Barber* v. *Converse*, 1 Redf. 330.) It has been held that the only method by which one in a prior class could preclude the appointment of a person in a subsequent class was by himself taking out and accepting letters of administration. (*In re Root*, 1 Redf. 257; *Sheldon* v. *Wright*, 5 N. Y. 497.) It was also held that if the next of kin renounce, the public administrator is entitled to letters, and that the next of kin could not appoint a substitute to the exclusion of such public administrator. (Id.)

These statutes continued applicable to the county of Kings until the enactment of chapter 335 of the Laws of 1871, whereby a public administrator was provided for such county, who was invested with absolute and sole authority to collect and take

charge of the estates of deceased persons in the cases pointed out in that statute, and exercise the duties of administration upon them. This statute may be considered in connection with chapter 154 of the Laws of 1877 amending the same, and which conferred upon such public administrator *absolute and sole authority* to take charge of and administer upon such estates of deceased persons as should die leaving assets or effects in Kings county, when there was no " widow, husband or next of kin entitled to a distributive share in the estate of such intestate, resident in the State, entitled, competent or willing to take out letters of administration on such estate." The effect of these acts was to create a new class in the order of administration, and postpone it to the claims of a widow, husband or relative, resident in the State, and entitled, competent or willing to take out letters of administration, but to give it priority over all other claimants to such administration. (*In re Root, supra.*)

The exclusive right conferred by these acts upon the public administrator was undoubtedly limited and impaired by the authority granted to courts and surrogates by the provisions of chapter 383 of the Laws of 1877. By that act it was provided that said Trust Company shall have powers and capacity " to be appointed and to accept the appointment of executor ot or trustee under any last will and testament, and of administration, with or without the will annexed, of the estate of any deceased person. Whenever application shall be made to any court of the State, or to a surrogate of any county, for letters testamentary on any last will and testament, by the terms of which said company is appointed executor thereof, the said court or surrogate *shall* grant letters testamentary thereon to said company. Whenever application shall be made to any court of this State, or to any surrogate of any county, for letters of administration upon the estate of any deceased person, with or without the will annexed, and it shall appear that there are no next of kin of the deceased entitled to a distributive share in the estate, qualified, competent or willing, or otherwise unable to accept such administration, said court or surro-

gate may, at the request of any party interested in the estate, whether as creditor or beneficiary, grant letters of administra-tion on said estate to said company." This act seems to have accomplished these objects; in the first instance it conferred upon such Trust Company the capacity to act as a natural per-son in the performance of the duties of an executor or admin-istrator. Secondly, it gave it the absolute and exclusive right to receive letters of administration upon the estate of a deceased person, in all cases where it was named in the will as the executor thereof. Thirdly, it conferred power upon courts or surrogates to issue letters of administration to such company upon the application of a party interested in the estate in cases where there were no next of kin of the deceased entitled to a distributive share in the estate, qualified, competent or willing, or otherwise unable to accept such administration. At this point a contention arises between the appellant and respondent as to the construction to be given to this provision of the act. The latter claiming that the word "may" in the statute should be construed to mean "shall," and to impose the duty upon the court or surrogate, imperatively, to make such appointment when requested by a party interested in the estate in all cases where the other conditions to the exercise of such power are shown to exist. We do not think this contention can be sus-tained.

The very section under consideration shows a discrimination by the legislature between the powers conferred, which were intended to operate imperatively, and those confided to their discretion. No valid reason seems to exist why such a change should be made in the phraseology of the section, if the charac-ter of the powers or duties to be performed by the court or officer under its several paragraphs were intended to be the same. The language of a statute must be construed according to its natural and ordinary signification unless some sufficient reason exists for a contrary interpretation. The object of this portion of the act seems to be to confer authority upon the tribunals named, to appoint the trust company to administer

such estates coming within the provisions of the act as they should deem it advisable to do.

We do not think this case comes within the principle laid down in that class of cases where it is held that permissive language in a statute may be construed as imposing an imperative duty upon the officer authorized to act thereunder. (*Newburgh Turnpike Co.* v. *Miller*, 5 Johns. Ch. 113 ; *People, ex rel. Conway,* v. *Supervisors*, 68 N. Y. 119 ; *Hagadorn* v. *Raux*, 72 id. 586.) If the refusal of the officer to act in this case should result in the absolute omission of administration upon the estate of deceased persons a different question would be presented. The refusal of the court or surrogate to issue letters to the trust company in this case in no way affects the ultimate right of the petitioners, or any public right. The public are undoubtedly interested in the exercise by the courts of the power of administration over estates of deceased persons ; but so far as that right was concerned it was as well satisfied by the appointment of one person as another, and the order for the distribution of the funds of the estate would not be changed or affected by the refusal of the surrogate to exercise the power of appointment in a particular way. It cannot, therefore, be said that either the next of kin or the public are interested in the exercise of the particular power conferred by this act in the sense that any legal right of theirs is impaired by the omission of the court or surrogate to appoint the Brooklyn Trust Company to administer this estate.

We have, therefore, arrived at the conclusion that the act in question conferred upon courts and surrogates discretionary power only to issue letters testamentary to the Brooklyn Trust Company in the cases provided for therein.

The exercise of the discretion thereby given to the surrogate is confined by the statute to that officer, and cannot be the subject of review in an appellate tribunal, unless there should appear an exercise of the power so gross and arbitrary as to amount to an abuse of a legal discretion.

We are, however, unable to see why this discretionary power

was not entirely taken away from the surrogate by chapter 124 of the Laws of 1882.

This act expressly provides that the public administrator of Kings county shall ·have the *prior* right and authority to collect, take charge of and administer upon all such estates of deceased persons as " shall die leaving any assets and effects in the county of Kings, and there shall be no widow, husband or next of kin entitled to a distributive share in the estate of said intestate, resident in the State, entitled, competent or willing to take out letters of administration on such estate." In so far as chapter 383 of the Laws of 1877 purports to confer power upon courts and surrogates to issue letters of administration to the Brooklyn Trust Company in the cases provided for by this statute, it is repugnant thereto and must be deemed to have been repealed thereby.

The facts of this case bring it within the class wherein the public administrator of Kings county has been invested with the prior right of administration. We should have been gratified to have found a way by which a different result might have been arrived at. The equity of allowing persons entitled, to take by distribution the estate of a deceased person, to select the agency by which such distribution should be made, is so manifest that it ought not to be refused to them except in a case where its impropriety is clear and unmistakable. This, however, is a consideration which addresses itself to the legislative power alone, and we have no alternative but to declare the law as we find it.

The orders of the General Term must, therefore, be reversed and those of the surrogate affirmed, without costs of this appeal to either party as against the other in this court.

All concur.

Ordered accordingly.