(26 Misc. Rep. 568.)

## In re LYMAN.

(Supreme Court, Special Term, Onondaga County. March, 1899.)

1. INTOXICATING LIQUORS—ESTABLISHMENT OF SALOONS—DWELLINGS.
   A building in which the occupant resides, but uses occasionally in washing for others, is a dwelling, within the statute requiring an applicant for a liquor license to obtain the consent of owners of buildings used exclusively for dwellings, within a prescribed distance of his saloon.

2. SAME—ADDITION TO BUILDING.
   An addition to a business block, which has no inside communication, but is used exclusively for a dwelling, and has separate street numbers, is a dwelling, within the statute requiring an applicant for a liquor license to obtain the consent of the owners of buildings used exclusively for dwellings, within a prescribed distance of his saloon.

Application by Henry H. Lyman, state commissioner of excise, for an order revoking and canceling a liquor-tax certificate issued to Mae A. Baldwin. Granted.

S. B. Mead, for petitioner.
Edgcomb & Rafferty, for defendant.

HISCOCK, J. The building which it is claimed by petitioner should be counted as being used exclusively for a dwelling is, and at the time of defendant's application for a certificate was, occupied by one Mrs. Pearl, who lived there with her nephew. It was a one-story brick house, with a basement. The upper floor consisted of a front room, occupied as a sitting room, with a bed room and clothespress off from the main room, and a kitchen with a bed room off. The basement was entered either from the upper story or from the street, and was ordinarily used by her for the storage of fuel. There seems to have been stored there, also, for the accommodation of some neighbor, an old stove, and possibly some other things. Mrs. Pearl was a washerwoman, and she was accustomed to take in family washing, which was done in the kitchen; there being sometimes three or four or five washings a week. This was done without machinery of any

kind, such as would be found in a public laundry. There was no business sign of any kind upon the house, which, in its appearance and aspect, so far as the evidence disclosed, was an ordinary dwelling house, used for dwelling purposes. I do not think that this use by the occupant of what was manifestly her dwelling house and place of abode, for doing occasional washing, sustains defendant's contention that this was not a building used exclusively for a dwelling, within the meaning of the statute, as it seems to me the provision of the statute in question means a building, all of which, considered as a whole, in its general and preponderating use, is designed for, and devoted to, occupation as a dwelling,—as a dwelling of its kind would be ordinarily used,—and to the exclusion of any distinct portion thereof being openly and habitually devoted to some other purpose, as that of business. If a distinct part of the building in question had been dedicated, by a sign or otherwise, to use as a public laundry or storehouse, and the public had come and gone to and from it in the manner in which people do use such a public place, defendant's contention might be well founded. But such was not the case. The house was planned and occupied primarily as a dwelling house, and, when certain rooms were not in use for domestic purposes, they were used by the occupant for doing certain work. This use was of the manner in which rooms in a dwelling house would be used, rather than that which would attend the use of a public place of business. It could not have been the intention of the legislature that a person's dwelling house should lose the benefit of this provision because occasionally, or even habitually, the occupant, as a lawyer, devoted a room intended and used as his private library to working upon his cases, or, as a washerwoman, devoted the room intended and used for her kitchen to doing some of her washing.

The other question arises over the building designated in the evidence as No. 1516 South Salina street, and owned by one Durango. In her original application for a license, defendant treated this as coming within the provision of the statute relating to buildings used for dwelling purposes; but she now seeks to establish that it was not such a building, and therefore should not be counted. In view of the conclusion which I have reached about the character of this building, it is unnecessary to decide whether the defendant at this time can reverse the position which she took upon her original application for a certificate, and establish that a building then treated as occupied for dwelling purposes was not in fact so occupied, or entitled to be treated. The building in question did not come within the provisions of the statute, in my judgment. It seems that there was what would be ordinarily known as a block of several buildings, of which the one in question was at one end. Some of the divisions of this entire structure were concededly used for business purposes, and, if the structure is to be regarded as an entire building, it manifestly was not used exclusively for the purposes of a dwelling; but I do not think it is to be so treated. It appears by the evidence that the structure outside of the division in question was first built, and that then this building or division was added on. What had been used for the end wall before, now became a division wall between

the old and the new structures. For one story, at least, the two buildings did not come together, and above that they were separated by a partition wall. There was no communication inside between the new addition and the old building. The roofs did not evenly join on to each other, one being higher than the other. The parts of the old building and the new division had separate street numbers, and the new part or building in question, at this time, and at the time of defendant's application, and always, was used exclusively as a flat for dwelling purposes. I have no doubt but what, under these circumstances, it is to be treated as a separate and distinct building, used exclusively for dwelling purposes. The petition is granted, with costs.

Petition granted, with costs.