1. ADMINISTRATOR WITH WILL ANNEXED—TRUST COMPANY.

A trust company, that is the guardian of the next of kin of a testator, in its capacity as guardian is not entitled to letters of administration with the will annexed.

2. SAME—PRIORITY OF RIGHT TO LETTERS.

Under Code Civ. Proc. § 2643, providing that the surrogate shall issue letters of administration with the will annexed, first, to a residuary lega-tee, then, in absence of qualified residuary legatees, to a principal or specific legatee, and, if no such legatees, then to the next of kin who is willing or properly qualified to act; and Laws 1873, c. 781, providing that, where there are none of the next of kin willing or qualified to act, the surrogate may, on petition of any party interested in the estate, grant letters of administration to a trust company,—a general legatee is entitled to preference over the trust company.

Application for letters of administration with the will annexed on the estate of Philipina Milhau, deceased. Letters granted to the general legatee.

Miller, Peckham & Dixon, for general guardian and trust company. Charles C. Suydam, for general legatee.

VARNUM, S. This is one of the undecided matters of Surrogate ARNOLD. One of the applicants for letters of administration c. t. a. in this matter is a general legatee under the will of the decedent, and the other is the guardian of an infant, who is the sole residuary legatee and only next of kin of the decedent. The guardian is a trust company, and claims to have a right to the letters prior to that of the general legatee—First, by reason of its being such guardian; and, secondly, by virtue of the provisions contained in chapter 781 of the Laws of 1873. Those provisions are to the effect that when-

ever application shall be made to any court of this state, or to a surrogate of any county, for letters of administration upon the estate of any deceased person, with or without the will annexed, and it shall appear that there are no next of kin of the deceased willing or properly qualified, or otherwise able to accept such administration, said court or surrogate may, at the request of any party interested in the estate, whether as creditor or beneficiary, grant letters of administration on said estate to said company. Neither of the grounds upon which the guardian rests its claim seems to me to support it. In its capacity of guardian the company, as the law now stands, is incapable of claiming or receiving letters of administration with the will annexed (In re Davis, Surr. Decs. 1896, p. 589), although under subdivision 5 of section 2643 of the Code of Civil Procedure they might, in the order of priority established by the section, be issued to the guardian in its corporate or individual capacity, the company being authorized by law to act as an administrator either in cases of testacy or intestacy. The subdivision mentioned, however, defers . the right to administration of the parties to whom it refers to that of those embraced in the second subdivision of the section, among whom the petitioning legatee is included. The provisions of the Laws of 1873, which, it is claimed, authorize the appointment of the trust company in preference to the petitioning legatee, have, in my judgment, no application to this case. These provisions were, it seems to me, enacted to enable the trust company to receive letters of administration, either with or without a will, in cases where the next of kin, who are entitled to the letters under the statutes prescribing the order of priority in which they shall be issued, are disqualified, unwilling, or unable to accept them. In other words, the object of the enactment was to substitute the trust company for the next of kin, and to treat it as if it was, under the circumstances, in the same class and in the same order of priority in which the next of kin are included in the statutes last referred to. In the present instance, the class and order to which the next of kin belong are found in subdivision 3 of section 2643. The opposing applicant for letters herein, being one of those embraced in the class to which subdivision 2 of the same section relates, is entitled to them in preference to the company. The provisions of section 2643, so far as they pertain to the order in which letters are to be issued, with the exception of subdivision 5 and part of subdivision 4, neither of which has any relevancy to the present controversy, are substantially a re-enactment of the provisions of the Revised Statutes (section 14, art. 1, tit. 2, c. 6, pt. 2, p. 74, 3 Rev. St. [6th Ed.]), and, in effect, a continuation of the previous law on the subject. This being so, and the act of 1873 having been passed since the adoption of the provisions of the Revised Statutes, it is hardly reasonable to suppose that the legislature intended to repeal the act of 1873 by the enactment of section 2643 of the Code. Besides, as the provisions of the Code constitute a general law or statute, and do not disclose any evidence of an intention on the part of the legislature to interfere with the act of 1873 by their enactment, the act, being a special one, or the creation of a special exercise of legislative power, could not have been abrogated by the previous

enactment. In re Goddard's Estate, 94 N. Y. 548; In re Evergreens, 47 N. Y. 216; Weiler v. Nembach, 114 N. Y. 36, 20 N. E. 623; People v. Keller, 157 N. Y. 90, 51 N. E. 431. The application of the general legatee for letters is granted.

Application granted.