(37 Misc. Rep. 539.)

## In re HUDSON

(Surrogate's Court, Kings County. March, 1902.)

ADMINISTRATOR—APPOINTMENT—PREFERENCE.

    Under Code Civ. Proc. § 2660, providing that, if a person entitled to administer is a minor, administration must be granted to his guardian, if competent, in preference to creditors or other persons, and section 2669, providing that the public administrator shall have prior rights where there is no next of kin entitled to a distributive share, the guardian of a minor son of a decedent is entitled to administer in preference to the public administrator.

In the matter of the application of Emma Hudson for letters of administration on the estate of Christian F. Winkemeier. Granted.

Frank J. Doyle, for petitioner.

F. H. Chase, for public administrator.

CHURCH, S. The deceased died intestate, leaving several infant children. The guardian of a son over 14 years of age applies for letters of administration on his estate, which application is opposed by the public administrator of Kings county, who claims that, under the statute applicable to his office, he has a prior right to such administration. This contention is sustained by the decision of Judge Bergen in the case of Speckles v. Public Adm'r, 1 Dem. Sur. 475. Under all ordinary circumstances I should follow the decision of any other surrogate if I had any doubt on the matter whatever, but an examination of the subject has caused me to reach a contrary conclusion, and I cannot follow a ruling which seems to be wrong.

At the outset we should consider that it is the policy of the statute to grant to the next of kin who are entitled to share in a decedent's estate the right to administer on the same, on the theory that those to whom the estate belonged would be most interested in the proper management of the same. This policy of the statute is very forcibly expressed in Re Goddard's Estate, 94 N. Y. 550, by Chief Justice Ruger, in the following language:

"The equity of allowing persons entitled to take by distribution the estate of the deceased person to select the agency by which such distribution should be made is so manifest that it ought not to be refused to them except in a case where its impropriety is clear and unmistakable."

The office of the public administrator was created for the purpose of providing a public official who should take charge of the estates where there was no next of kin entitled to act, on the theory that it would be better for such estates to have some competent public official act, in preference to a creditor who would manifestly be interested to the extent of his claim only. In construing the language of the statute bearing on the matter, it seems to me that we should bear the above spirit of the statute in mind, and endeavor to reach a result which will be in harmony with the theory of the statute, rather than to follow the precise wording of any statute. With the above spirit in mind, we take up the consideration of the statutes involved. Section 2669 of the Code provides the public administrator shall have "prior right" to administer where there is "no" next of kin entitled to a "distributive share in the estate of such intestate resident in the state entitled, competent or willing to take out letters of administration." A technical reading of this statute, standing alone, would exclude a minor from administering, because such minor is not "competent" to serve; but section 2660 of the Code provides, "If a person entitled is a minor, administration must be granted to his guardian, if competent, in preference to creditors or other persons." This language must be given effect and construed in connection with the provisions of section 2669, under which the public administrator claims priority. The provision that other persons shall only administer after the guardian of a minor is as explicit as the language of priority used in section 2669, with this additional fact: That if this contention of the public administrator was adopted, then this provision relative to the guardian's right (at least, so far as Kings county is concerned) is practically repealed, because there can never be a case in which it could be effective. This conclusion should, of course, be avoided

if possible. It is my judgment that all that the language of section 2669 meant to do was to give the public administrator a priority over creditors and other persons, and that there was no intention in that section to differentiate between a person who was entitled to administer himself, and one who could only do so through his guardian. This construction recognizes the rights of the public administrator, and harmonizes all parts of the statutes, and finally it upholds the main spirit of the statute, viz., to allow the persons entitled to share in the estate to be the persons who shall manage the same.

Let letters of administration issue to Emma Hudson, the general guardian of the infant, Alfred C. Winkemeier. Decreed accordingly.