THE PUBLIC ADMINISTRATOR *vs.* PETERS.

*In the matter of the Estate of* EMMA HUGHES.

By the Revised Statutes, no relatives of the deceased are entitled to administration, as of right, except those who succeed to the personal estate. Among those entitled to share in the distribution, the statute establishes a certain order of preference.

After relatives who have an interest in the estate, in the county of New-York, the Public Administrator is next entitled to administration, in preference to creditors and strangers.

A relative who has no interest, or no title to a distributive share, is considered as a stranger.

The relatives who have an interest, as such, are those living at the period of the intestate's death, and having at that time a title to a distributive share; and if a relative so entitled happen to die, the right to administer dies with him. His legal representatives will receive his distributive share, not as next of kin of the first intestate, but by right of administration on the estate of the second intestate.

Where letters of administration have been irregularly issued to one having no

interest in the estate, without citing the Public Administrator, they will be revoked.

J. S. THAYER, *the Public Administrator, in person, and by* CHARLES EDWARDS.

F. S. KINNEY, *for the Administrator.*

THE SURROGATE. The only question in this case is, whether a relative of the deceased, who has no interest in the estate, is entitled to administration, in preference to the Public Administrator. Under our statute, it is not every relative of the deceased who is entitled to administration on his estate, but administration goes as a matter of right, " to the relatives of the deceased *who would be entled to succeed to his personal estate.*" (2 *R. S.,* 3d ed., *p.* 138, § 28.) *Interest* is a necessary qualification, and among those who have an interest, the statute establishes a certain order. Of course, in undertaking to settle the rule of preference in all cases, every relative who can possibly take a part of the estate in any supposable case, must be enumerated, or otherwise the rule would not be comprehensive enough. But then it must be remembered, that the classification of preferences is to be applied only to those who are entitled to administer, and that none are entitled to administer in preference to creditors and the Public Administrator, except " those who would be entitled to succeed to the personal estate," or, *as the language is in* another portion of the same section (§ 28), " who would be entitled to share in the distribution of the estate."

I do not understand the Revised Statutes to have introduced any new rule on this subject, except so far as the *order* of administration is concerned, the object in view, as appears by the Notes of the Revisers, having been " to remove many occasions for contest respecting preferences." As to the principle involved in the provision, that none but the next of kin who may be entitled to a share in the estate, shall be entitled to administer, this only conforms " to the practice and the law as then understood," the

provision, except as to the order of preference, being declaratory. The statute of 21 *Henry VIII., c. 5, s. 3,* directed the Ordinary to grant administration to the widow of the deceased, or to the next of his kin, or to both, in his discretion. It has, however, always been held in England, both in the Common Law and Spiritual Courts, that the object of the statute was to give the management of the property to the person who has the beneficial interest in it, and to reach this end, in many instances, the express words of the statute have been disregarded. (*Wetdrill* vs. *Wright,* 2 *Phill.,* 248; *Withy* vs. *Mangles,* 10 *Cl. & Fin.,* 248; *West* vs. *Wiltby,* 3 *Phill.,* 381; *Young* vs. *Peirce,* 1 *Freem.,* 496.) So, also, the right to administer, under the same statute, has been considered to extend only to such persons as are next of kin at the time of the intestate's death, and entitled to a beneficial interest in the estate. (*Savage* vs. *Blythe,* 2 *Hagg. App.,* 150; *Almes* vs. *Almes, Ibid.,* 155—156.)

By law, a creditor had no right to administration. It was allowed by custom or practice, on the ground that he could not be paid his debt until representation to the deceased was made. The Revised Statutes, however, have given him the *right,* next after the relatives entitled to share in the distribution of the estate, subject to a preference in favor of the Public Administrator, in the city of New-York.

Our statute, in the first portion of the section declaring who may administer, first gives the right " to the *relatives.*" This is a word more comprehensive than " the next of kin," including " the widow," who though not " next of kin" (*Watt* vs. *Watt,* 3 *Vesey,* 244), is a relative by force of the marriage relation. " Relatives," and " next of kin," are not convertible terms, though the latter expression is occasionally used in a way to favor the idea that the terms mean the same thing. (See *Wilson* vs. *Frazier,* 2 *Humph.,* 30.) Some criticism was made, on the argument, as to the force of the words " would be," in the

direction that administration shall be granted to the relatives of the *deceased*, who " *would be* entitled to succeed to his personal estate," or " who *would be* entitled to share in the distribution of the estate." The counsel for the administrator contended, that this expression allows any one to administer, before the Public Administrator, who by any possible contingency may be entitled to a share at the time of distribution ; and that any relative, therefore, who may by the decease of the next of kin, be placed in the line of succession, can administer, because by possibility he may be entitled to share in the distribution. But this is not so ; the distributive shares in an estate become vested on the decease of an intestate, according to the relative positions of his next of kin at that time. If any one of the next of kin entitled to a share, happen to die before the actual distribution, his legal representatives come in for his share, not as next of kin, but by right of legal administration. They do not succeed by virtue of consanguinity, to a share in the estate of the first intestate, but reach it only by duly administering on the estate of the second intestate. There is no such thing, therefore, as a relative, who, at the death of the intestate, has no right to a distributive share, thereafter becoming entitled to such a share in his own right, in consequence of the death of some distributee, or any other contingency. The rights are all settled at the time of the decease. The words " would be " in the statute, cannot refer to what cannot possibly happen, and they cannot be explained by reference to a contingency that never can occur. The apparent meaning seems to me to be, that those who would be entitled to a distributive share when the distribution takes place, shall have the right to administer. The distribution is, in a certain sense, contingent, being made only when a surplus remains after the payment of debts. The distributive share is always dependent upon the settlement of the estate, and the liquidation of the claims against it. It is not an interest in assets, *in specie*, but in a surplus to be

ascertained at some future period. The interest, therefore, which is a necessary qualification for a title to administration, in preference to the Public Administrator, must be a right to the estate, or some part of it, in case it were then distributed, and no relative can administer 'unless he "would be" entitled to share in the distribution, provided it were then made, and there were any thing to distribute. In a word, the nature of a distributive share is sufficiently contingent to justify and account for the use of the subjunctive form in the expression which defines the class of relatives entitled to administration.

I am of opinion, therefore, that a relative who has no interest in the estate, is not only *quoad hoc,* a stranger, but also that, for purposes of administration, he has no more title to administer than one who is not a relative. After the next of kin who have an interest, the statute brings in the Public Administrator, in the city of New-York.

As the facts appear in the case now before me, one claiming as half-brother of the deceased, who was an unmarried woman, obtained letters after citing the father, who did not appear. The father, by the Statute of Distributions, will be entitled to the whole surplus, after payment of debts. He is, therefore, the only next of kin entitled to administer. The half-brother has no interest in the estate of Emma Hughes, and never can have, directly, in his own right. He is a stranger, and the father not claiming letters, they ought to have been issued to the Public Administrator. The Public Administrator was not cited, which was an irregularity, and for that reason, the letters should be revoked, as irregularly issued. (*Skidmore* vs. *Davies,* 10 *Paige,* 318 ; *Vreedenburgh* vs. *Calf,* 9 *Paige,* 129 ; *Proctor* vs. *Wanwaker,* 1 *Barb. Ch. R.,* 302.) There must be an order accordingly.