LARNED K. WILSON, Appellant; EMMA E. WILSON, Respondent.

*Executor and administrator — a release by a wife, in an agreement of separation, of all her rights in her husband's property does not affect her right to administer upon his property.*

Upon an appeal from an order and decree of a Surrogate's Court, awarding letters of administration to the wife of a decedent, it appeared that she had made an agreement of separation with her husband, by which, in consideration of a certain payment made by her husband to a trustee for her benefit, she accepted the money in satisfaction of her right of dower, of her distributive share in his present or future personal property, and of her statutory exemptions as widow, and thereby released all claims for dower or any other interest in his property. This instrument contained no allusion to or promise concerning a renunciation of her statutory right to administer upon his estate.

*Held,* that, within the meaning of section 2660 of the Code of Civil Procedure, she was the person who, in case of the intestacy of her husband, was "entitled to succeed to his personal property;"

That the agreement made between herself and her husband did not constitute a renunciation effective under section 2663 of the Code of Civil Procedure, and that, as she was not disqualified under section 2661 of the Code, she was entitled to the priority given by the statute to a widow.

APPEAL by Larned K. Wilson from an order and decree of the Surrogate's Court of the county of Oneida, entered in said Surrogate's Court on the 7th day of May, 1895, awarding to Emma E. Wilson letters of administration upon the personal estate of Larned K. Wilson, Jr., deceased.

By the terms of an agreement of separation entered into between Larned K. Wilson, Jr., party of the first part; Emma E. Wilson, his wife, party of the second part, and Berton E. Sayles, party of the third part, it was, among other things, provided that "the said Larned K. Wilson, Jr., shall and will well and truly pay, or cause to be paid, unto the said trustees above named, for said Emma, his wife, the sum of thirteen hundred ($1,300.00) dollars in cash at the time of the execution and delivery of these presents, which said sum of thirteen hundred dollars so hereby made payable, and so paid to said trustee for the said Emma E. Wilson, in manner aforesaid, she, the said Emma E. Wilson, doth hereby agree to accept and take in

full satisfaction of her support and maintenance, and all alimony whatsoever, during her coverture and during her life, and also as and for and in full payment and satisfaction of and for her dower interest and rights of dower in all real estate which he, the said Larned K. Wilson, Jr., now has and owns, and also in all real estate which he shall or may or does hereafter acquire or own, and as and for and in full payment and satisfaction of and for her distributive portion of all his personal property which he now has or possesses, or which he shall, may or does hereafter acquire, own or possess, and in full satisfaction and payment of all statutory exemptions given or provided by law for widows, to which she might at any time be entitled to, from and out of the estate of her said husband, the said Larned K. Wilson, Jr.

"And it is further covenanted and agreed, by and between said parties hereto, that in consideration of said payment of said money to her, said Emma, as aforesaid, and the covenants and agreements therein contained, she, the said Emma, shall absent herself continuously from and not visit the house of said Larned K. Wilson, Jr., or communicate with him, or molest him, or make any claim upon or against him, in any manner, for her support or maintenance during her life or during his life, or against his estate after his death, either for dower in his real estate or distributive portion of personal property for widows' exemptions, or anything else, and will, upon request of any person interested in the same, after his death execute to and deliver to them release of her dower or other claim or interest in the estate of said Larned K. Wilson, Jr., and the said Emma E. Wilson does hereby release all claim of dower or other interest in any property and in all property now owned by said Larned K. Wilson, Jr., or which he may or shall hereafter own or possess, and that she will, upon request of her said husband, or any other person interested therein, at any time hereafter, sign and execute with him any deed or deeds of any property which he shall own or wish to convey, and that she shall and will make no claim to dower or other interest in or to any property, real or personal which he, said Larned K. Wilson, Jr., shall ever own or possess."

*W. B. Bliss*, for the appellant.

*Sayles, Searle & Sayles*, for the respondent.

MERWIN, J. :

The question on this appeal is whether the respondent, as the surviving wife of the decedent, is entitled to letters of administration upon his estate. It is practically conceded that she is entitled unless she is disqualified by reason of the effect to be given to the provisions of an agreement of separation made between the respondent and her husband and a trustee on the 14th of September, 1894. By this agreement the respondent, in consideration of the payment of a certain sum of money to the trustee for her, in substance, agreed to receive the same in satisfaction of any right of dower she then had or might thereafter have in any real estate of her husband, and in full payment and satisfaction of and for her distributive portion of all his personal property which he then had or might thereafter acquire, and in full satisfaction and payment of all statutory exemptions given by law to widows, to which she might at any time be entitled to from his estate, and she thereby released all claims of dower or other interest in any of his property then or thereafter to be owned by him, and agreed that she would make no claim of dower or other interest in it.

The argument of the appellant is that the respondent is not entitled to share in the distribution of the personal property, and is, therefore, not entitled to administer as against the appellant, who is the father of the decedent and his next of kin. The ground taken by the appellant in his petition to the Surrogate's Court is " that the said widow, Emma Wilson, has, by an instrument in writing, released and assigned all of her right, title and interest in the real and personal property of said deceased."

By the Revised Statutes (Part 2, chap. 6, tit. 2, § 27) it was provided as follows :

" Administration, in case of intestacy, shall be granted to the relatives of the deceased who would be entitled to succeed to his personal estate, if they or any of them will accept the same, in the following order : *First,* to the widow ; *second,* to the children ; *third,* to the father ; *fourth,* to the brothers ; *fifth,* to the sisters ; *sixth,* to the grandchildren ; *seventh,* to any other of the next of kin who would be entitled to share in the distribution of the estate. If any of the persons so entitled be minors administration shall be granted to their guardians ; if none of the said relatives or guardians

will accept the same, then to the creditors of the deceased, and the creditor first applying, if otherwise competent, shall be entitled to a preference ; if no creditor apply, then to any other person or persons legally competent."

Under this statute it was held in *Lathrop* v. *Smith* (24 N. Y. 417) that it was not essential to the right of administration that the person administering should stand in a position to take a share or portion of the decedent's personal estate ; that when the father, who was entitled to the personal estate, had renounced, the brother was entitled to administration before a creditor, although the brother had no interest in the estate. Apparently the order of preference stated in detail was deemed to control the expression, " who would be entitled to succeed."

The statute upon this subject now in force is section 2660 of the Code of Civil Procedure, which reads, so far as the question here is concerned, as follows :

" Administration, in case of intestacy, must be granted to the relatives of the deceased entitled to succeed to his personal property who will accept the same in the following order : (1) To the surviving husband or wife ; (2) to the children ; (3) to the father ; (4) to the mother ; (5) to the brothers ; (6) to the sisters ; (7) to the grandchildren ; (8) to any other next of kin entitled to share in the distribution of the estate ; (9) to an executor or administrator of a sole legatee named in a will whereby the whole estate is devised to such deceased sole legatee.

" If a person entitled is a minor administration must be granted to his guardian, if competent, in preference to creditors or other persons. If no relative, or guardian of a minor relative, will accept the same, the letters must be granted to the creditors of the deceased, the creditor first applying, if otherwise competent, to be entitled to preference."

It will be observed that the expression in the Revised Statutes, " who would be entitled to succeed to his personal estate," is changed to " entitled to succeed to his personal property." It is argued that this change does away with the effect of the decision in the *Lathrop* case. That, however, does not clearly appear. On the contrary, the reasoning of the *Lathrop* case would practically apply with as much force to the present section as to the former one. In effect

the two clauses of the section were deemed to be inconsistent, and the latter clause being specific was deemed to be controlling. (See Redf. Surr. Courts [5th ed.], 290.)

It is to be observed that section 27 of the Revised Statutes, above referred to, was amended by section 3 of chapter 362 of the Laws of 1863, by adding thereto the following: "This section shall not be construed to authorize the granting of letters to any relative not entitled to succeed (to) the personal estate of the deceased as his next of kin at the time of his decease." The section was again amended by section 6 of chapter 782 of 1867, and the words added by the amendment of 1863 were left out. Nor do they appear in the Code. The amendment of 1863 indicated a legislative intention to override the doctrine of the *Lathrop* case, and the repeal of that amendment indicated an intention to leave the law as the *Lathrop* case put it.

The right of administration, as given to the surviving wife, was a personal one. She was, by the law, one of those entitled to succeed to the personal property. The appellant claims that she had in effect renounced her right, or disqualified herself by the agreement with her husband. There was no renunciation effective under section 2663 of the Code. If there had been there was a right of retraction. (*Casey* v. *Gardiner*, 4 Brad. 13.) Nor was the respondent disqualified under section 2661. It has been held that the withholding of letters from a person who, if not by some cause incapacitated, would be entitled to priority, under the statute, is never justifiable, save in cases where such person is declared to be disqualified by the statute itself. (*Coope* v. *Lowerre*, 1 Barb. Ch. Rep. 46; *O'Brien* v. *Neubert*, 3 Dem. 156.)

It is not clear that the appellant in this proceeding had the right to call on the Surrogate's Court for a construction and enforcement of the agreement. But if that could be done, and it be assumed that under the agreement the respondent had no right to a distributive share of the estate, still I am inclined to the opinion that under the *Lathrop* case, there being no effective renunciation, the respondent was entitled to letters.

The decree or order appealed from should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Decree affirmed, with costs.