VAN BRUNT, P. J., dissents.

---

(29 Misc. Rep. 722.)

In re LOWENSTEIN'S ESTATE.

(Surrogate's Court, New York County. December, 1899.)

ADMINISTRATORS—APPOINTMENT—PARTIES TO APPLICATION.

     Code Civ. Proc. § 2660, as amended by Laws 1893, c. 686, providing that administration must be granted to the relatives of the deceased "entitled to succeed to his personal property, * * * in the following order," authorizes the issuing of letters of administration to relatives of an intestate, although not entitled to share in the distribution of his estate; hence, in an application for the appointment of the public administrator, under Code Civ. Proc. § 2662, providing that every person who has a right to administer, prior or equal to that of petitioner, who has not renounced, must be cited, the uncles and aunts of intestate must be cited, although they are not entitled to share in the estate. /

Application for letters of administration in the matter of the estate of Jules H. Lowenstein. Decree ordering relatives of intestate to be cited.

Weed, Henry & Meyers, for petitioner.

VARNUM, S. The Revised Statutes, as they stood at the time of the amendment of section 2660 of the Code of Civil Procedure, by chapter 686 of the Laws of 1893, authorized the issuing of letters of administration to relatives or kin of an intestate, although they were not entitled to share in the distribution of his estate, and this in preference to the public administrator; where the application for the appointment was made in pursuance of the procedure prescribed in article 4, tit. 3, c. 18, Code Civ. Proc. 4 Rev. St. (8th Ed.) pt. 2, c. 6, tit. 2, art. 2, § 27; Butler v. Perrott, 1 Dem. Sur. 9; Lathrop v. Smith, 24 N. Y. 420; In re Brewster, 5 Dem. Sur. 261. In incorporating into section 2660 of the Code the provisions of the Revised Statutes referred to, a slight change was made in the language indicating the order in which the relatives or next of kin of an intestate are entitled to letters of administration upon his estate, and this, it is claimed, is evidence of an intention on the part of the legislature to change the previous law, and to limit the issuance of letters, under subdivision 8 of section 2660, to the kin of the decedent who have a present and immediate right to share in the distribution of his estate. A similar claim was made in Re Wilson, 92 Hun, 318, 36 N. Y. Supp. 882, where it was sought to prevent the widow of an intestate from obtaining letters of administration upon his estate, upon the ground that she was precluded, by an agreement made with him, from succeeding to or sharing in his personal property, and so, under the section of the Code under consideration, not entitled to letters of administration upon his estate. It was held that, assuming the effect of the agreement to be as claimed, she was, nevertheless, entitled to the letters. The reasoning of the court and the effect of its decision show that it was considered that no alteration had been made in the law by the Code, and that Lathrop v. Smith, supra, is still effective as an authority upon the question now under consideration. See, also, In re Moehring, 24 Misc. Rep. 418, 53 N. Y. Supp. 730; In re Haug, 29 Misc. Rep. 36, 60 N. Y. Supp. 382. In the present case the application is made by petition, under section 2662 of the Code of Civil Procedure, to appoint the public administrator the administrator of the decedent, without citing the uncles and aunts and other relatives of the intestate. These, although none of them is entitled to share in the intestate's estate, are, in view of what I consider to be the effect of the present provisions of the law upon the subject, persons who, under subdivision 8 of said section 2660, have a right to the letters superior to that of the public administrator, and should be cited. Code Civ. Proc. § 2663; Butler v. Perrott, supra.

Decreed accordingly.