Of course, in the case of a purchase by a creditor, where the proceeds are insufficient to satisfy the expenses of administration and the debts and funeral expenses, it is evident, despite the infelicities of the section, that all creditors are to bear a reduction of their claims proportioned to the aggregate cost of administration; for any other interpretation of the section would be intolerable. We must choose between two constructions: The expenses of administration are always to be paid in the absence of personalty, or the alternative must be accepted that they are not generally payable, but are always to be paid in the unrelated contingency that a creditor shall purchase at the sale.

The proper and necessary expenses of administration are payable from the fund, and the hearing will proceed in accordance with this conclusion.

Decreed accordingly.

---

(60 Misc. Rep. 627.)

### In re BLAKE'S ESTATE.

(Surrogate's Court, New York County. October, 1908.)

EXECUTORS AND ADMINISTRATORS (§ 17*)—PERSONS ENTITLED TO ADMINISTER.

The second cousins of a decedent are entitled to administration of his estate, if there is no legal objection to them, in preference to the public administrator, though not entitled to share in his estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 44; Dec. Dig. § 17.*]

In the matter of the estate of Bernard B. Blake. On application for letters of administration. Granted.

James W. & Charles J. McDermott, for petitioners.

BECKETT, S. The petitioners, being second cousins of the decedent, having a prior right to letters of administration, were not cited upon the appointment of the public administrator; and they having made application for letters of administration within three months after the grant of letters to the public administrator, under subdivision 3, § 21, c. 230, p. 666, Laws 1898, although they are not next of kin of decedent or entitled to share in the estate of decedent under section 2732, Code Civ. Proc. as amended in 1905 (Adee v. Campbell, 79 N. Y. 52), nevertheless they are entitled to letters of administration, if there is no legal objection to them, in preference to the public administrator (Matter of Lowenstein, 29 Misc. Rep. 722, 62 N. Y. Supp. 819; Butler v. Perrott, 1 Dem. Sur. 9).

Application granted.