Matter of the Application for Letters of Administration *de bonis non* on the Goods, Chattels and Credits which were of EMMA HAGAN, Deceased.

(Surrogate's Court, Kings County, November, 1912.)

Decedents' estates — application for letters de bonis non — Code Civ. Pro. § 2669 — executors and administrators.

Where upon the death of a father, to whom as the only next of kin of his deceased daughter and entitled to her whole estate had been granted letters of administration thereon, his widow and administratrix applies for letters of administration *de bonis non* of the original estate, her application must be denied, though she be the only person wholly interested in the fund.

Misc.]    Surrogate's Court, Kings County, November, 1912.

> In such case, under section 2669 of the Code of Civil Pro-
> cedure, the letters of administration *de bonis non* must issue
> to the public administrator who is preferred over a creditor and
> a brother of the intestate.

APPLICATION for letters of administration *de bonis non.*

George J. Kilgen, for petitioner Joseph L. Hagen, brother of decedent.

Edwin L. Dennis, for petitioner Annie E. Hagan, administratrix of Arthur B. Hagan, deceased, administrator and sole next of kin of intestate.

O'Neil & O'Neil, for petitioner Henry C. Slee, a creditor.

Edward J. Byrne, for petitioner Frank V. Kelly, public administrator.

KETCHAM, S.   The intestate was survived by her father, who was her only next of kin, and as such entitled to the whole estate.   The father took letters of administration and thereafter died.   His widow is his administratrix.   Administration *de bonis non* of the original estate is now asked for by the administratrix of the deceased father, by one of the brothers of the original decedent, by a creditor and by the public administrator.

Every instinct of justice and good sense urges the appointment of the administratrix of the sole distributee deceased. An executor or administrator of a deceased distributee who, at the time of the death of the original decedent, was entitled to any interest in the estate, whether solely or with others, should have the same right to administration as the deceased distributee, if living, would have had.

The law, however, does not permit such appointment and in this respect the law is wrong and should be made right. It is intolerable, though at present inevitable, that the one person wholly interested in the fund must wait for his own while the fund is subjected to administration and depletion by a stranger.

The brother of the original decedent cannot take the letters. The right to administration is probably confined to relatives entitled at death to succeed to the personal estate (Code Civ. Pro., § 2660; Matter of Seymour, 33 Misc. Rep. 271), although there are authorities to the contrary. Even if the brother were entitled to administration under the general provisions of section 2660, it is expressly provided that he cannot have such letters in preference to the public administrator, who must take as against relatives of the deceased unless such relatives are " entitled to a distributive share in the estate of such intestate." Code Civ. Pro., § 2669.

Between the creditor and the public administrator the statute prefers the latter (Code Civ. Pro., § 2669) ; and to the public administrator, since he is preferred both to the creditor and to the brother of the intestate, the letters must issue.

Decreed accordingly.