(78 Misc. Rep. 322.)

### In re HAGAN'S ESTATE.

(Surrogate's Court, Kings County.    November, 1912.)

EXECUTORS AND ADMINISTRATORS (§ 24*)—ADMINISTRATION DE BONIS NON—
RIGHT TO LETTERS—PUBLIC ADMINISTRATOR.

> Code Civ. Proc. § 2669, provides for the appointment of a public admin-
> istrator of Kings county, who is given a prior right to administer on the
> estate of a person dying without a widow, husband, or next of kin en-
> titled to a distributive share in his estate, resident in the state, etc.
> *Held* that, under such section, the public administrator is preferred over
> a creditor or brother of the intestate; and hence, where a daughter died,
> leaving her father as her sole next of kin, to whom letters of adminis-
> tration were granted, letters of administration de bonis non could not be
> granted to the father's widow on his death, nor to the intestate's brother,
> as against the right of the public administrator.

> [Ed. Note.—For other cases, see Executors and Administrators, Cent.
> Dig. §§ 132–140; Dec. Dig. § 24.*]

Application for letters of administration de bonis non of the goods, chattels, and credits of Emma Hagan, deceased.    Denied.

George J. Kilgen, of New York City, for petitioner Joseph L. Hagan, brother of decedent.

Edward L. Dennis, of New York City, for petitioner Annie E. Hagan, administratrix of Arthur B. Hagan, deceased, administrator and sole next of kin of intestate.

O'Neil & O'Neil, of Brooklyn, for petitioner Henry C. Slee, a creditor.

Edward J. Byrne, of Brooklyn, for petitioner Frank V. Kelly, public administrator.

KETCHAM, S.   The intestate was survived by her father, who was her only next of kin, and as such entitled to the whole estate.   The father took letters of administration, and thereafter died.   His widow is his administratrix.   Administration de bonis non of the original estate is now asked for by the administratrix of the deceased father, by one of the brothers of the original decedent, by a creditor, and by the public administrator.

Every instinct of justice and good sense urges the appointment of the administratrix of the sole distributee deceased.   An executor or administrator of a deceased distributee, who, at the time of the death of the original decedent, was entitled to any interest in the estate, whether solely or with others, should have the same right to administration as the deceased distributee, if living, would have had.   The law, however, does not permit such appointment, and in this respect the law is wrong, and should be made right.   It is intolerable, though at present inevitable, that the one person wholly interested in the fund must wait for his own, while the fund is subjected to administration and depletion by a stranger.

The brother of the original decedent cannot take the letters.   The right to administration is probably confined to relatives entitled at

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

death to succeed to the personal estate (Code Civ. Proc. § 2660; Matter of Seymour, 33 Misc. Rep. 271, 68 N. Y. Supp. 638), although there are authorities to the contrary. Even if the brother were entitled to administration under the general provisions of section 2660, it is expressly provided that he cannot have such letters in preference to the public administrator, who must take as against relatives of the deceased, unless such relatives are "entitled to a distributive share in the estate of such intestate." Code Civ. Proc. § 2669. Between the creditor and the public administrator, the statute prefers the latter (Code Civ. Proc. § 2669); and to the public administrator, since he is preferred both to the creditor and to the brother of the intestate, the letters must issue.

Decreed accordingly.