(80 Misc. Rep. 482.)

## In re PATTEN.

(Surrogate's Court, New York County. April, 1913.)

EXECUTORS AND ADMINISTRATORS (§ 17*)—ADMINISTRATION—RIGHT TO APPOINTMENT.

> Under Code Civ. Proc. § 2660, providing that administration in case of intestacy must be granted to the relatives of deceased "entitled to succeed" to his personal property who will accept the same, in a certain order, a grandchild, who was the only person entitled to share in the estate, was entitled to letters of administration in preference to intestate's half-brother.

> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. § 17.*]

Petition by Thomas Brattin for letters of administration on the goods, chattels, and credits of Sidney F. Patten, deceased. Petition granted.

William H. Blain, of New York City, for petitioner Brattin.

Abraham Rudensey, of Brooklyn, for petitioner Du Bois.

COHALAN, S. Sidney F. Patten died intestate March 5, 1912, leaving as only next of kin five half-brothers, one half-sister, and a grandchild of full age. The grandchild has presented a petition asking for the issuance to him of letters of administration. With the petition are renunciations from the half-sister and from three of the half-brothers. The other two half-brothers were cited on this application, and one of them does not appear. The other half-brother cited appears and petitions for the granting to him of letters of administration.

The question then squarely presented here is: As between the grandchild and the half-brother of the intestate, who is entitled to administer the estate? Under the statute of distribution of personal property the grandchild takes all the estate and the half-brother takes nothing. The construction of section 2660 of the Code of Civil Procedure is involved in the decision of this matter. That section provides that:

> "Administration in case of intestacy must be granted to the relatives of the deceased *entitled to succeed* to his personal property, who will accept the same, in the following order: 1. To the surviving husband or wife. 2. To the children. 3. To the father. 4. To the mother. 5. To the brothers. 6. To the sisters. 7. To the grandchildren. 8. To any other next of kin *entitled to share in the distribution of the estate.*"

Does the above statute mean that administration as between relatives is to be granted *only* to relatives of the deceased *who actually share* in the distribution of his personal property, or does it mean that administration is to be granted to those relatives mentioned in the enumeration, in the order named, *whether the relatives so named share or not?* The placing of the grandchildren seventh in the enumeration in section 2660, Code of Civil Procedure, whereas they are third in the order of distribution, should not be given too great weight. It was

manifestly an oversight, and should not be made a pretext to distort plain, simple language. Fine-spun and attenuated theories of construction and ancient precedents should not be used to work hardships or to lay down harsh rules of law. Many cases of hardship arise under the judicial interpretation of statutes, where the remedy is with the Legislature, but I do not think that this is one of that class of cases.

The portion of section 2660 above quoted begins by saying that administration must be granted to the relatives *"entitled to succeed,"* etc. After ·the order of preference among the relatives is indicated, it should be noted that the eighth subdivision of the section says: "To any other next of kin *entitled to share* in the distribution of the estate." The words, *"entitled to share"* are even more specific than the words *"entitled to succeed,"* and these words have a meaning that would seem to be beyond doubt or dispute. Both phrases taken together, one in the general clause at the beginning of the enumeration of the different classes of relatives and the other in the eighth clause at the end of the enumeration, show with sufficient clearness, it seems to me, a reiterated intention to limit the administration, by the relatives, to those who are actually and presently entitled to share in the estate.

One having an interest in the property of an intestate by reason of his right to share in that property would have every reason and incentive to conserve and protect it in its administration, while one who has no ·legal right to share in the distribution might be more concerned in collecting his commissions or in creating needless expense to the estate by keeping it in litigation for his own gain or for the possible benefit of strangers. The old common law recognized this common-sense doctrine, and gave the preference in administration to those who had an interest in the estate. Those who had no property interest, though such persons may have been relatives of the blood, were regarded as strangers. Public Administrator v. Peters, 1 Bradf. Sur. 100, and cases cited therein.

The revisers of our statutes, who prepared the statute from which section 2660 of the Code of Civil Procedure is derived, did not intend to make any change in the law as it then existed in this respect. But, as is often the case, the codifiers worded the statute in a way that gave opportunity for dispute. The statute originally provided that "administration in cases of intestacy shall be granted to the relatives of the deceased who *would be* entitled to succeed to his .personal estate." This statute was construed by the Court of Appeals in 1862, in the case of Lathrop v. Smith, 24 N. Y. 417, to give the right of administration to *all* relatives of the deceased, in the order named, whether they shared in the distribution of the personalty or not. It was said that relatives who *"would be entitled"* included those who *"might be entitled."* Since the decision of Lathrop v. Smith, the words *"would be"* have been stricken from the statute. I think the omission of these words makes a material difference in the meaning and construction of the statute, and that Lathrop v. Smith is, therefore, no longer controlling.

Nor is Matter of Wilson, 92 Hun, 318, 36 N. Y. Supp. 882, controlling, though the court there reiterated the doctrine of Lathrop v. Smith, notwithstanding the change that had been made in the statute. In the Wilson Case the court had only to decide that the widow had the first right of administration under the statute, that the surrogate had no power to construe a separation agreement, that the widow had not renounced her right to administration, and that she was, therefore, entitled to letters of administration. All other matters discussed in the opinion, including the case of Lathrop v. Smith, and the principle involved here, were aside from the issues raised.

Matter of Lowenstein, 29 Misc. Rep. 722, 62 N. Y. Supp. 819, decided in this court in 1899, holds to the rule of Lathrop v. Smith and the interpretation of that part of section 2660 of the Code of Civil Procedure with which we are herein concerned. The contest in the Lowenstein Case was between the public administrator and relatives of the intestate who did not share in the estate. In that case the surrogate was not asked to apply the old rule to the contention of two relatives, one of whom had an interest in the estate, while the other had no interest. The opinion in that case expresses and explains the rule that has been heretofore followed in this court whenever this question has arisen. I have felt the weight of the authority of that decision, and have been constrained to follow it as a precedent more or less controlling upon me; but upon this reargument I have become convinced that such a rule is harsh and unjust in the present case, where there is an attempt to deprive of the right of administration the only person entitled to share in the estate. There is only $1,700 in this estate, and the half-brother is the only one of six grand uncles and aunts to oppose the application of the grandchild to administer the estate of which he (the grandchild) is the sole beneficiary. The rule now prevailing in this court in such cases has often been used as a means to work injustice through form of law. I have given much thought and reflection to the statute and decisions bearing on the facts of the proceeding before me, and I have decided to adopt the rule of Matter of Seymour, 33 Misc. Rep. 271, 68 N. Y. Supp. 638, as explained by Surrogate Silkman in an able and well-considered opinion in a case involving the principle now under discussion.

I can find no controlling decision in any court above this that conflicts with this rule of sound policy and substantial justice. I believe that section 2660 of the Code of Civil Procedure is susceptible of a more liberal interpretation than that given it in Matter of Lowenstein, supra, and I have decided to follow that case no longer in the disposition of the many matters of this kind constantly coming before this court. I shall be guided hereafter by the new rule made by this decision. I hold that under section 2660 of the Code of Civil Procedure administration by relatives in case of intestacy is to be given only to those relatives of the deceased having an actual right at the time of his death to share in the distribution of the estate in the order in which the relatives so sharing are named. In this estate the grandchild is the only person who is entitled to share, and letters of administration must be issued to him, in preference to the half-brother.

Motion for reargument granted, without costs. Submit decree on notice granting letters of administration to John Thomas Brattin.
Decreed accordingly.