(161 App. Div. 255)

## In re WOLFF'S ESTATE.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 17*)—LETTERS OF ADMINISTRATION—GRANTING—AUTHORITY OF SURROGATE.

The Surrogate's Court has no discretion as to the granting of letters of administration; its duty being limited to following the order prescribed by Code Civ. Proc. § 2660.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. § 17.*]

2. EXECUTORS AND ADMINISTRATORS (§ 17*)—RIGHT TO APPOINTMENT—PERSONS ENTITLED—STATUTES—CONSTRUCTION—LIMITATIONS.

Code Civ. Proc. § 2660, provides that administration in case of intestates must be granted to the relatives of deceased "entitled to succeed to his personal property," who will accept the same in the following order: (8) To any next of kin "entitled to share in the distribution of the estate." *Held*, that the words quoted constitute a limitation on the right of the next of kin to administer; and hence, where a first cousin of an intestate was not entitled to share in decedent's estate, he was not entitled to letters as against the public administrator.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. § 17.*]

Appeal from Surrogate's Court, New York County.

Application by Emil Wolff for letters of administration on the goods, chattels, and credits of Raphael H. Wolff, deceased. From a surrogate's order denying petitioner's application and granting letters of administration to the public administrator, petitioner appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Nathaniel A. Elsberg, of New York City, for appellant.
Frank W. Arnold, of New York City, for respondent.

SCOTT, J. Raphael H. Wolff, a citizen of the United States, and resident of the county of New York, died intestate in Berlin, Germany, leaving personal property in Germany as well as in the county of New York. He left no widow or children; his only next of kin being a brother and four sisters, all of whom are resident aliens and therefore incapable of receiving letters of administration here. Code Civ. Proc. § 2661. Application for such letters was made by the petitioner, Emil Wolff, a resident of the city of New York, and a first cousin of the deceased, but not one of the next of kin of said deceased entitled to succeed to a share in his personal estate. The surrogate refused to grant letters to said petitioner, but did grant them to the public administrator. The petitioner appeals.

[1] The Surrogate's Court is vested with no discretion as to the granting of letters of administration. Section 2660, Code of Civil Procedure, prescribes to whom letters shall be granted, and all that the surrogate has to do in any given case is to follow the mandate of the statute. To do this, however, it is necessary, in the present case, to construe the statute to ascertain what its mandate is.

[2] Section 2660, as far as applicable, reads as follows:

"Administration in case of intestates must be granted to the relatives of the deceased, entitled to succeed to his personal property, who will accept the same, in the following order: (1) To the surviving husband or wife. (2) To the children. (3) To the father. (4) To the mother. (5) To the brothers. (6) To the sisters. (7) To the grandchildren. (8) To any next of kin entitled to share in the distribution of the estate. (9) To the executor or administrator of a sole legatee named in a will whereby the whole estate is devised to such deceased sole legatee. * * * If no relative, or guardian of a minor relative, will accept the same, the letters must be granted to the creditors of the deceased; the creditor first applying, if otherwise competent, to be entitled to preference. * * * The public administrator in the city of New York has preference after the next of kin, and after an executor or administrator of a sole legatee named in a will whereby the whole estate is devised to such deceased sole legatee, over creditors and all other persons. * * * "

The real question involved in this appeal is whether or not the words "entitled to succeed to his personal property," in the first sentence of the section, and the words "entitled to share in the distribution of his estate," in the eighth subdivision, are words of qualification, so that to entitle any relative or next of kin to letters of administration it must appear that the applicant is "entitled to succeed to the personal estate" of the deceased, or is "entitled to share in the distribution of his estate."

In the case at bar, the petitioner, while a relative of the deceased, is not, strictly speaking, a next of kin, and is not entitled to succeed to or share in the distribution of his personal estate. The question involved is one which arises not infrequently, because the order in which personal property of an intestate passes to his next of kin under the statute of descent and distribution differs somewhat from the order in which the right to administer is prescribed by the section of the Code above quoted. Thus in Matter of Patten, 80 Misc. Rep. 482, 142 N. Y. Supp. 452, the contest for letters of administration was between a half-brother of the intestate, who took no share in his estate, but stood fifth in the order of preference in section 2660, and a grandchild who took the entire estate under the statute of distribution, but stood only seventh in the order of preference in said section 2660. If the words "entitled to succeed to his personal property" in the first sentence of section 2660 were not words of qualification controlling the right to administer in the order of preference prescribed by the section, and that right rested upon kinship alone, the half-brother who had no interest in the estate would have been entitled to administer it to the exclusion of the grandchild who was solely interested in it. If, however, the words last quoted are to be considered, as the surrogate in the case cited said they should be, as words of qualification, the grandchild, being the only person entitled to succeed to the personal property, was entitled to letters of administration in preference to any other relative of the intestate not entitled to share in such distribution, notwithstanding the apparent preference given to such other relative by section 2660.

The question under consideration has been variously decided in this state. The appellant here, and those decisions upon which he relies, follow the rule announced in Lathrop v. Smith, 24 N. Y. 417, which

arose under a section of the Revised Statutes (2 R. S. p. 74, § 27). That section provided that:

"Administration, in case of intestacy, shall be granted to the relatives of the deceased, who would be entitled to succeed to his personal estate, if they or any of them will accept the same, in the following order: First, to the widow; * * * Seventh, to any other of the next of kin who would be entitled to share in the distribution of the estate."

The intestate in that case had left a father and a brother, the sole next of kin. The father, who was entitled to succeed to the whole personal estate, had renounced the right to receive letters of administration, and the contest for such letters was between the brother and a creditor of the decedent. The Court of Appeals held that it had been the apparent intention of the Legislature to provide that administration should be awarded according to the kinship of applicants to the intestate, without regard to the question whether the applicant would or would not share in the personal estate. To arrive at this result, the court construed the words "would be entitled to succeed to his personal estate" as if they were "might be entitled to succeed." Judge E. Darwin Smith dissented in a vigorous opinion to the effect that the true construction of the section was:

"That the relatives of the deceased therein mentioned should respectively be entitled to share in the distribution of the personal estate of the deceased at the time of his death, to entitle them, as matter of right, to take out letters of administration upon his estate; and that the fact of an existing present interest in the estate, contingent only in respect to its amount after payment of the debts, must distinctly appear to the surrogate at the time of such application to entitle the applicant, as a matter of right, to such administration."

He referred with approval to an opinion to the same effect delivered by Surrogate Bradford, whose competency and authority as an exponent of the law of Surrogate's Courts is universally recognized. Public Administrators v. Peters, 1 Bradf. Sur. 100. Judge Smith also pointed out that our statute regulating the administration of intestates' estates had been copied from the English Statute upon the subject, and that the established rule in England was "that the rights of administration of the effects of the deceased follows the rights of property in them." Lathrop v. Smith was decided in 1862. In the following year the Legislature amended the section of the Revised Statutes, by adding to it the following:

"This section shall not be construed to authorize the granting of letters to any relative not entitled to succeed to the personal estate of the deceased as his next of kin at the time of his decease." Laws 1863, c. 362, § 3.

In 1867 the section was again amended by inserting the mother of the deceased intestate among those entitled to administer, and in this amendment the amendatory words contained in the act of 1863 were omitted. Laws 1867, c. 782, § 6. The law remained in this condition until 1896, when the law regulating the practice in Surrogate's Courts was codified and incorporated into the Code of Civil Procedure. Laws 1896, c. 686. By this act, section 2660 was enacted in its present form so far as concerns the question now under consideration; the words "would be entitled" being superseded by the single more imperative

word "entitled," a change which would seem to preclude the construction of "might be entitled" adopted in Lathrop v. Smith. This statute came before the General Term in the Fourth Department in Matter of Wilson, 92 Hun, 318, 36 N. Y. Supp. 882. The court refused to attach any significance to the change in phraseology above noted, and followed the ruling in Lathrop v. Smith. The point, however, was not strictly necessary to the decision of the case then before the court. The contest for administration was between the widow of the intestate and his son, and the denial of the widow's rights to administer was based upon a separation agreement executed by her, by which, as it was claimed, she had renounced and released all claims upon his personal estate. It was quite a sufficient answer to this objection to her competency to receive letters that the Surrogate's Court had no power to construe or enforce the separate agreement. The case cannot therefore be deemed of controlling authority.

Since the case last above cited, the question has not been considered by any appellate court. In Matter of Lowenstein, 29 Misc. Rep. 723, 62 N. Y. Supp. 819, Surrogate Varnum of the county of New York followed, without re-examination of the question, Lathrop v. Smith and Matter of Wilson. In Matter of Seymour, 33 Misc. Rep. 271, 68 N. Y. Supp. 638, Surrogate Silkman of Westchester county re-examined the question de novo, reviewing at length the previous decisions and the successive changes in the statutes, quoting in addition thereto, the remark of Chief Judge Church in Cottle v. Vanderheyden, 11 Abb. Prac. (N. S.) 17, that:

"The obvious policy of the statute is to grant administration directly to those most interested in the estate, and the appointment of the representatives of persons entitled is purposely preferred only to strangers."

The learned surrogate arrived at the conclusion that the words "entitled to succeed to the personal property" contained in the present statute were words of qualification, and that in order to claim administration as a matter of right an applicant must show not only kinship, but also a present right to succeed to the personal property. This same view was adopted by Surrogate Ketcham of Kings county in Matter of McNamee, 78 Misc. Rep. 324, 139 N. Y. Supp. 304, and by the surrogate from whose order this appeal is taken in Matter of Patten, 80 Misc. Rep. 482, 142 N. Y. Supp. 452.

After careful consideration, we are convinced that the later construction given to section 2660 of the Code of Civil Procedure by the cases last above cited is the correct one. We think that the change in phraseology adopted in the codifying act of 1896 is very significant, especially in view of the previous construction given to the language of the Revised Statutes. Careful codifiers, as were those who prepared the act of 1896, do not generally make a deliberate change in the phraseology of a statute which has been judicially construed, unless it is intended to alter in some way the meaning given to this statute by such construction. At the very least, we may attribute to the codifiers and the Legislature an intention to avoid the binding effect given to the former section by way of construction, leaving the new language to be construed as it reads, and not as the former act read. So construing the lan-

guage as it now stands, it seems to be quite clear that the words "entitled to succeed to his personal property," and "entitled to share in the distribution," are words of qualification. Otherwise they would be surplusage, and it is a cardinal rule in the construction of statutes that effect must be given, if possible, to every part of the statute. If it had been intended that administration should be granted solely on account of kinship in the order specified, the section would have read: "Administrations in cases of intestacy must be granted to the relatives of the deceased * * * who will accept the same in the following order," etc. This would have been a complete and perfect provision if the Legislature had intended to provide, as the appellant insists it did intend. We must assume that there was some intention in inserting after the words "relatives of the deceased" the qualifying words "entitled to succeed to his personal property," and if there was any intention it must have been that to entitle an applicant to letters of administration it must appear not only that he is a relative of the deceased, but also that he is entitled to succeed to the personal property. If we are right in this construction of the statute, it follows that the order appealed from is right and must be affirmed. The only relatives of the deceased who are entitled to succeed to or to share in his personal estate are nonresident aliens and incompetent to administer in this state. The petitioner is a relative and a resident, but is not entitled to share in the distribution of the personal estate. Letters must therefore issue to the public administrator.

Order affirmed, with $10 costs and disbursements. All concur.