1. EXECUTORS AND ADMINISTRATORS (§ 24*)—APPOINTMENT—RIGHT TO ADMINISTER—PUBLIC ADMINISTRATOR—STATUTES.

    Code Civ. Proc. § 2660, providing that administration in case of intestacy must be granted to the relatives of the deceased in a specified order, and declaring that the public administrator in the city of New York has the preference after the next of kin and after an executor or administrator of a sole legatee, was made applicable to Bronx county by Laws 1912, c. 548. Held, that the public administrator of that county, by virtue of such act, was entitled to appointment and to exercise the same powers, within that county, as the public administrator of New York county.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 132–140; Dec. Dig. § 24.*]

2. EXECUTORS AND ADMINISTRATORS (§ 17*) — APPOINTMENTS — PREFERENCE RIGHT—DISTRIBUTION OF ESTATE.

    Under Code Civ. Proc. § 2660, providing that administration in case of intestacy must be granted to the relatives of deceased entitled to succeed to his personal property, who will accept the same, in a specified order, administration can only be granted to those relatives of an intestate as have an actual right at the time of intestate's death to share in the distribution of his personal property.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. § 17.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. EXECUTORS AND ADMINISTRATORS (§ 17*)—APPOINTMENT OF ADMINISTRATOR
—RIGHT TO APPOINTMENT.

   Under Code Civ. Proc. § 2660, limiting administration by relatives, in
   cases of intestacy, to those having an actual right at the time of the in-
   testate's death to share in the distribution of his personal property, a
   resident brother of an intestate, whose father was a nonresident alien,
   not being entitled to share in the distribution of the intestate's personal
   property, was not entitled to letters in preference to the public adminis-
   trator of Bronx county, where intestate resided.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
   Dig. §§ 43–59; Dec. Dig. § 17.*]

4. EXECUTORS AND ADMINISTRATORS (§ 17*)—RIGHT TO APPOINTMENT—RELA-
TIVES NOT ENTITLED TO ADMINISTRATION—POWERS OF ATTORNEY.

   Where a resident brother of an intestate, whose father was a nonresi-
   dent alien, was not entitled to administration because not entitled to
   share in the distribution of the decedent's personal estate, his right to
   appointment was not affected by the fact that the father executed to
   him a power of attorney appointing the son his general attorney in fact
   in the matter of decedent's estate.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
   Dig. §§ 43–59; Dec. Dig. § 17.*]

Petition for letters of administration on the personal estate of Hen-
ry Kroog, deceased. On objections by the public administrator of
Bronx county. Objections sustained, and letters granted to the public
administrator.

Harry Robitzek, of New York City, for petitioner.
Ernest E. L. Hammer, of New York City, respondent, pro se.

SCHULZ, S. The decedent left him surviving his father and a
brother, both aliens residing in the empire of Germany, a niece resid-
ing in the borough of Brooklyn, and the petitioner, a brother of full
age, residing in the county of Bronx, in the city of New York. The
latter applies to this court upon a petition praying that letters of ad-
ministration be issued to him and that a citation issue to the public
administrator of the county of Bronx. Upon the return day the pub-
lic administrator appears and opposes the application upon the ground
that the petitioner is not entitled to succeed to the decedent's personal
property nor to share in the distribution of the estate, and therefore
he is not entitled to letters of administration, and that the public ad-
ministrator is entitled to such letters in preference to him. The conten-
tion presents two questions which have not come before the Surrogate's
Court of the county of Bronx before, which will no doubt arise fre-
quently, and upon which it is important that the views of the court
should be made clear. They are: (1) Do the provisions of section 2660
of the Code apply to and govern the public administrator of the newly-
erected county of Bronx? If they do, then (2) is it a condition prece-
dent to the right to obtain letters of administration upon the estate of
an intestate that the applicant must be entitled to a share of the dece-
dent's estate at the time of the latter's death? The language of section
2660 of the Code material to the present controversy is as follows:

"Administration in case of intestacy must be granted to the relatives of
the deceased entitled to succeed to his personal property, who will accept the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

same in the following order:  *  *  *  (3) To the father.  *  *  *  (5) To the brothers.  *  *  *  (8) To any other next of kin entitled to share in the distribution of the estate.  *  *  *  The public administrator in the city of New York has preference after the next of kin and after an executor or administrator of a sole legatee.  *  *  *"

[1] It will be noted that section 2660 refers to the public administrator in the city of New York. Due to the consolidation of the various municipalities now making up the greater city of New York, there are now several public administrators in the city of New York, and it is apparent from section 2669 that at least one of the public administrators now in the city of New York does not act under the authority and provisions of section 2660; hence the first question before us. Chapter 548 of the Laws of 1912, which was the act erecting the county of Bronx, provides as follows:

"Sec. 3.  *  *  *  The surrogate of the county of Bronx shall also appoint a public administrator of the county of Bronx, and such public administrator shall have all of the authority and powers within said county of Bronx as are now conferred by law upon the public administrator of the county of New York.  *  *  *"

"Sec. 11. All acts and parts of acts specially applicable to the county of New York or that portion of the borough of the Bronx formerly part of the county of Westchester and annexed to the city of New York by chapter 934 of the Laws of 1895 and now in force in the borough of the Bronx and not inconsistent with this act shall continue in full force and effect in the county of Bronx, as though the said county had been in existence at the time of the passage of said acts, as though the name of the said county of Bronx had appeared in said acts and parts of acts wherever the name of the county of New York or the county of Westchester appears in said acts or parts of acts."

Section 2660 was given its present form in 1893. Laws of 1893, c. 686. At that time the city of New York and the county of New York were coterminous, so that an act which provided for a public administrator of the city of New York in effect, though not in words, contemplated the public administrator having jurisdiction in the county of New York. Considering, therefore, the two extracts of the so-called Bronx county act hereinbefore quoted, it seems clear that the provisions of section 2660 apply to the public administrator of the county of Bronx, and I so hold.

[2] This conclusion leads to a consideration of the second question involved. Under the provisions of the Decedent Estate Law, being Laws of 1909, c. 18, constituting chapter 13 of the Consolidated Laws (article 3, § 98, subd. 7), the father is entitled to succeed to the personal property of this decedent, being third in the classification of the relatives of the decedent to whom administration must be granted in cases of intestacy; but the father in this instance, being a nonresident alien, is barred from receiving letters under the Code of Civil Procedure (section 2661). The petitioning brother as such is therefore not a relative entitled at present to succeed to decedent's personal property, and, the public administrator having preference after the next of kin, it becomes important, therefore, to consider whether this petitioner is a next of kin who is preferred to the public administrator. For a definition of the term "next of kin," as used in chapter 18 of

the Code, we must consider the Code of Civil Procedure (section 2514, subd. 12), which is as follows:

"The term, 'next of kin,' includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed residue of the assets of a decedent after payment of debts and expenses, other than a surviving husband or wife."

If, therefore, it is necessary that the petitioner have a present right to succeed to the personal property of the decedent or be entitled to share in the distribution of the estate at the date of the death of the intestate, and if those words are words of qualification, then, under the circumstances which obtain here, the letters in question cannot be issued to him.

It is unfortunate that the wording of a Code section, respecting so important a matter as the right to administer upon decedents' estates, should be such as to necessitate consideration by various surrogates and lead to great differences of opinion by able jurists as to just what it really does provide.

[3] The Code section in question was derived from section 27, tit. 2, c. 6, pt. 2, of the Revised Statutes, which declared that administration in cases of intestacy shall be granted to relatives of the deceased "who would be entitled to succeed to his personal estate, if they or any of them will accept the same. * * *"  Under the wording of that section, the Court of Appeals in Lathrop v. Smith, 24 N. Y. 417, held that the words "would be entitled to succeed" meant those persons who, according to the provisions of the statute of distribution, might be entitled to participate in the distribution of the personal estate; and that all persons who might be entitled to participate in the distribution of the estate, being the widow, relatives, or those representing relatives of the deceased, have the first right to administration in the order named in the statute, and thus dissented from the construction adopted in Public Administrator v. Peters, 1 Bradf. Sur. 100. Thereafter the matter was again under consideration by an appellate court in Matter of Wilson, 92 Hun, 318, 36 N. Y. Supp. 882.  Between the time that the Lathrop Case was decided and the time that Matter of Wilson was decided, several changes had been made in the statute, and, when Matter of Wilson was decided, the Code section was in substantially the form in which it now is.  After the decision in the Lathrop Case, the words "who would be entitled to succeed to his personal estate" were changed to the words "entitled to succeed to his personal property," and it was argued that this changed the law to such an extent that the decision in Lathrop v. Smith was no longer an authority to be followed.  In the Wilson Case there was some question about the right of the court to consider an agreement that had been made between the widow and the decedent during his life, but the court intimated that even if it could have construed and enforced such an agreement, and it was assumed that under the agreement the respondent had no right to a distributive share, still the court was inclined to the opinion that a present right to share in the distribution of the estate was not a prerequisite to the right to obtain letters of administration, and discusses several changes in the section prior to

the decision in the Wilson Case and after the Lathrop Case, viz., the amendment made by chapter 362 of the Laws of 1863 and by section 6 of chapter 782 of the Laws of 1867, as justifying the inference that the intention of the Legislature was to leave the law as it had been construed in the Lathrop Case. Since that time numerous decisions have been rendered by various surrogates, some holding one way and some the other, depending on whether or not they still considered Lathrop v. Smith and Matter of Wilson, supra, as precedents. See Matter of Lowenstein, 29 Misc. Rep. 722, 62 N. Y. Supp. 819; Matter of Seymour, 33 Misc. Rep. 271, 68 N. Y. Supp. 638; Matter of Gilchrist, 37 Misc. Rep. 543, 75 N. Y. Supp. 1055; Matter of Blake, 60 Misc. Rep. 627, 113 N. Y. Supp. 944; Matter of Hagan, 78 Misc. Rep. 322, 139 N. Y. Supp. 463.

The question again came before the Surrogate's Court of New York county in April, 1913, in Matter of Patten, 80 Misc. Rep. 482, 142 N. Y. Supp. 452, and Surrogate Cohalan, in a well-considered opinion, held:

"That under section 2660 of the Code of Civil Procedure administration by relatives in case of intestacy is to be given only to those relatives of the deceased having an actual right at the time of his death to share in the distribution of the estate in the order in which the relatives so sharing are named."

This was followed by a decision of the same surrogate in Matter of Wolff. In the latter case a citizen of the United States residing in the county of New York died intestate in Berlin, Germany, leaving personal property in Germany as well as in the county of New York. He left no widow or children; his only next of kin being a brother and four sisters, all of whom were nonresident aliens. Application for letters was made by one Emil Wolff, a first cousin of the deceased, but not one of the next of kin of the deceased entitled to share in the personal estate. The surrogate refused to grant letters to the petitioner, but did grant them to the public administrator. The matter was appealed to the Appellate Division of the First Department, and this appeal has been decided since the argument of the matter now before this court. See opinion rendered March, 1914, 146 N. Y. Supp. 495, and not yet officially published. The court there held that the conclusion reached by Surrogate Silkman in Matter of Seymour, 33 Misc. Rep. 271, 68 N. Y. Supp. 638, and adopted by Surrogate Cohalan in the Patten Case and in the Wolff Case was the correct one; that the words "entitled to succeed to the personal property" contained in the present statute were words of qualification; and that, in order to claim administration as a matter of right, an application must show not only kinship but also a present right to succeed to the personal property. This being the last expression of an appellate court upon the subject, I deem it controlling upon the matter now before me.

It appeared upon the argument in the pending matter that the decedent and his brother had lived together in the city of New York for many years prior to decedent's death, and it is therefore to be assumed that the petitioner is fully conversant with the affairs of the decedent. The entire estate, it appears, does not exceed the sum of $1,323.31.

[4] Among the papers submitted to me is a document in the form of a power of attorney by which the father of the deceased appoints his son, the petitioner, to be his general attorney in fact in the matter of the estate of the decedent. The power of attorney as such is of no effect or force upon this application, because the right to administration is personal, without power of substitution; all that the law permits is that the person in whom the right vests may have an associate in the administration who is not interested in the estate. Matter of Root, 1 Redf. Sur. 257; Redfield's Surr. Pr. (7th Ed.) § 349; Sutton v. Public Administrator, 4 Dem. Sur. 33. Notwithstanding, however, that this document has no legal effect as a power of attorney, it nevertheless indicates clearly the confidence which the father of the decedent, who is the one most interested, being the one who inherits all of the property, has in the petitioner, and his desire and wish that the petitioner act for him.

The court has no power to grant letters except such as is given to it by the statute. It cannot change the statute, but must enforce it, and leave it to the Legislature to apply a remedy if in its judgment such action is necessary. I must therefore hold that, under the provisions of section 2660 of the Code of Civil Procedure, the petitioner herein is not entitled to have letters of administration issued to him on the estate of this decedent. I will say frankly that in my opinion the operation of the law in this instance works a hardship, and I would favor a construction that would permit issuance of letters to a blood relative who is most familiar with the decedent's affairs and who has the confidence and is the choice of the only person who will receive all the decedent's property, rather than to a public official who is a stranger to the estate and to the one entitled to inherit. But the statute being in its present form, and the questions which arose from the decisions in the two earlier cases referred to having been fully considered by the Appellate Division with the result stated, such a construction in my judgment is impossible.

The public administrator in this matter has simply done his duty, and would have been subject to criticism if he had not opposed this application. Nothing that he could do could have given the petitioner the right to receive the letters in question, because his right to them could not be created by any renunciation, withdrawal, or consent on the part of the public administrator. Matter of Root, supra. For the reasons set forth, the application is denied, and letters will issue to the public administrator. Settle decree on two days' notice.

Decreed accordingly.